No. 8801.
Orleans Appeal.

MISS LOUISE TOUPS, Appellant, v.
EVANS P. BRIEN.

(February 2, 1925, Opinion and Decree.)

(Syllabus by the Court.)

1. Louisiana Digest, Bills and Notes—Par. 235.

Where a note or other evidence of indebtedness remains in possession of the payee the presumption is that the debt has not been discharged.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a suit on a promissory note.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Woodville & Woodville, attorneys for plaintiff and appellant.

E. P. Brien, L. W. Janin, attorneys for defendant and appellee.

WESTERFIELD, J. Plaintiff brings this suit upon the following evidence of indebtedness:

"Sept. 10, 1921.
I promise to pay Louise Toups $650 for money owing to her.
E. P. BRIEN."

The defendant admits the execution of he instrument sued on and pleads payment.

From a judgment against her plaintiff has appealed.

The record discloses the fact that plaintiff and defendant were married in October, 1920, and that shortly before their marriage the defendant borrowed $1,000 from plaintiff. Defendant claims that the amount was $700 and that he agreed to pay and did pay $1,000 for the loan. Be that as it may, defendant admits having contracted an obligation of $1,000 in favor of his prospective bride in September, 1920. Shortly after the marriage plaintiff discovered that defend-

ant had been too precipitate in contracting the marriage with her since a decree of separation of a former marriage had not ripened into an absolute divorce. Plaintiff applied for and obtained an annullment of her marriage and in the settlement of her community rights received the acknowledgment of indebtedness for $650, the basis of this suit.

In support of defendant's plea of payment a cancelled check for $800 dated Oct. 3, 1921, was offered in evidence. Plaintiff admits receiving the check but claims that it was in part-payment of the $1,000 loan. Defendant denies this and asserts that the entire $1,000 had been paid defendant within a few days after it had been contracted and produces the following receipt:

"Received from E. P. Brien $200, balance due me on the $1,000 he borrowed from me Sept. 20, 1920. Paid in full.
          LOUISE TOUPS."

Plaintiff says that this receipt was issued by her after the check of $800 had been received and that the date appearing therein, Sept. 20, 1920, refers to the time the loan was made and not the time the receipt was given. The case turns in this point for if plaintiff had been paid the thousand dollars on Sept. 20, 1920, it is obvious that the $800 check of Oct. 3, 1921, could not be a partial payment on that loan. On the other hand, if the date refers to the time of making the loan there is nothing inconsistent with the probabilities in the contention that the receipt was given after the check for $800 referred to as having been paid was the balance of the first loan of $1,000.

The receipt itself is susceptible of either interpretation since there is no punctuation to guide us. The usual place for the date of an instrument of this sort is at the top and not at the bottom of the writing, though this custom is not universally observed. The two hundred dollars mentioned in the receipt and the $800 paid by check total exactly $1,000, the amount of the loan. It seems unlikely that defendant would borrow $1,000 and pay it back in installments, completing the payment within a few days after the loan was contracted. If this thousand dollar loan was paid when the $800 check was given, why did defendant pay $800 when he only owed $650? He answers that the excess was a gratuity. But on September 10, 1921, he was unable to pay $650 and gave his obligation for this amount. Is it likely that he would be able and willing to pay $800 in discharge of that obligation on Oct 3, 1921, twenty-three days thereafter? Is it likely that defendant who is shown to have been careful in getting a receipt for the $200 would pay his $650 loan without the return of the evidence of his obligation, his promise to pay? Counsel says that defendant was dealing with a woman with whom he had lived as man and wife and that circumstance he argues explains many of the improbabilities we have pointed to. We are not favorably impressed with this contention. The judicial severance of the marital tie does not tend to perpetuate or increase the affection of the former spouses. If we mistake not, the reverse is to be expected. In this case, however, the defendant practiced deception in contracting marriage with plaintiff when under the disability of a former marriage. Counsel says that he was in good faith, meaning, no doubt, that he thought his decree of separation an absolute divorce. If he was so careless or ignorant in so important a matter as marriage, we cannot impute to his testimony the weight due a careful, prudent, conscientious witness.

We think defendant has failed to prove payment of the obligation sued on and that the case is with plaintiff.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment for plaintiff as prayed for in her petition.